IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal No. 04-619 |
| | : Civil No. 07-0903 |
| | : |
| v. | : |
| | : |
| | : |
| PRESTON LIT, | : |

## SUPPLEMENTAL RESPONSE TO GOVERNMENT'S RESPONSE OPPOSING HIS SECTION 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

**PRESTON LIT** submits the following supplemental response to the Government's response opposing his Section 2255 motion to Vacate, Set Aside and/or Correct his Sentence. All previous submissions by Movant are incorporated by reference as if set forth at length herein.

### I. SUPPLEMENTAL SUPPORT FOR CLAIM THAT INEFFECTIVE ASSISTANCE OF COUNSEL SURVIVES THE WAIVER

There is no valid waiver of the right to file a collateral attack. A plea agreement is contractual in nature and principles of contract law govern. **United States v. Hodge,** 412 F3d 479, 485 (3d Cir. 2005). If the contract is capable of more than one reasonable interpretation, it is ambiguous. **United States v. Gebbie,** 294 F3d 540, 551 (3d Cir. 2002). If the contract is ambiguous, the court may look to the facts of the case to determine what the parties reasonably understood to be the terms. **Gebbie,** Id. If the

extrinsic evidence does not resolve the ambiguity, the ambiguity is construed against the government, which drafted the agreement. **Gebbie** at 552.

Applying the law to the facts of this case, there was no valid waiver of the right to collaterally attack Mr. Lit's conviction and sentence. Paragraph 9 of the Guilty Plea agreement reads, in pertinent part, as follows:

> 9. In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly **waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution whether such right to appeal or collateral attack arises under** 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of the law. (Plea agreement, paragraph 9, pages 20-21) (Emphasis supplied)

While this may appear unambiguous on its face, the government also drafted the "Acknowledgement of Rights" that Mr. Lit signed as a part of the plea agreement. Paragraph 6 of the "Acknowledgement of Rights" reads as follows:

> 6. I understand that if I plead guilty, **I have waived my right to appeal**, except as set forth in Paragraph 9 of the guilty plea agreement.
> (Acknowledgement of Rights, page 2, paragraph 6). (Emphasis supplied)

There is not a single word in the "Acknowledgement of Rights" regarding giving up the right to collaterally attack the conviction and sentence and in signing the "Acknowledgement of Rights", Mr. Lit gave up the right to appeal, only.

The interpretation that Mr. Lit gave up his right to appeal, but not to collateral attack is reinforced by the transcript of the plea colloquy at pages 38-40.

THE COURT: Now, I'm going to talk to you about your right of appeal. Ordinarily with a guilty plea you have a right to appeal from errors committed in this proceeding and to an illegal or unreasonable sentence. If you were to go to trial your appellate rights cover all errors at trial, everything that you say the Court handled improperly or did improperly at trial. And of course, you can appeal an illegal or unreasonable sentence if you go to trial.

Now, it is my understanding, Ms. Winter, that under this plea agreement with the defendant the defendant has further limited his right to appeal in return for what the Government has agreed to do. Is that correct?

MS. WINTER: Certainly, your Honor. Specifically, in Paragraph 9 the defendant agrees that he's waiving all rights to direct appeal as well as a collateral attack on his conviction, sentence or any other matter related to the prosecution, whether this arises under 18 USC 3742, 1291 or 2255 or any other provision of law.

Notwithstanding that waiver, if the Government appeals then the defendant can file a direct appeal of his sentence. If the Government does not appeal, however, the defendant may still file a direct appeal, but his claims are limited to two, that his sentence exceeded the statutory maximum, which in this case is life, or that this Court unreasonably departed upward from the otherwise recommended Sentencing Guideline range.

If the defendant doesn't appeal pursuant to these two limitations then no other issue may be presented on appeal by the defendant.

THE COURT: Do you understand that, Mr. Lit, the further limitations on your right to appeal? (Transcript of Plea, May 23, 2005, pp. 38-40).

There is not another word in the transcript explaining to Mr. Lit the meaning of "collateral attack" or "2255". There is no inquiry as to whether Mr. Lit understands whether there are any limitations on the right to file a collateral attack. The only limitations described are those relating to direct appeal. The colloquy at sentencing is in keeping with paragraph 6 of the "Acknowledgement of Rights"- that is, that Mr. Lit has waived his right to appeal except in limited circumstances.

Applying **Hodge** and **Gebbie, supra.** to the facts of this case, the plea agreement is ambiguous because a provision at paragraph 9 of the Agreement requires that Mr. Lit give up his right to collateral attack and the "Acknowledgement of Rights" attached to the plea agreement does not.

The plea colloquy establishes that Mr. Lit reasonably understood that he was giving up his absolute right to appeal in pleading guilty but did not reasonably understand that he was giving up the right to a collateral attack.

If the Court finds that the intrinsic evidence does not resolve the ambiguity, then the ambiguity must be construed against the government as the drafter of the agreement and Mr. Lit must be found not to have waived his right to a collateral attack.

## II. CONCLUSION

There is no valid waiver of the right to make a collateral attack under 28 U.S.C. Section 2255. Therefore, the Court should reach the merits of the claims raised in the 2255 motion.

Dated: May 1, 2007                                          Respectfully submitted,


/s/Cheryl J. Sturm
Cheryl J. Sturm
Attorney at Law
387 Ring Road
Chadds Ford, Pa. 19317
484-771-2000
484-771-2008
Sturmcj@aol.com

CERTIFICATE OF SERVICE

Cheryl J. Sturm, Attorney at Law, hereby certifies that on the 1st day of May, 2007 she cased a copy of the Supplemental Response to Government's Response Opposing His Section 2255 Motion to Vacate, Set Aside or Correct Sentence to be served upon opposing counsel by Federal Express next day delivery, pre-paid and addressed as follows:

    Nancy Beam Winter, AUSA
    U.S. Attorney's Office
    615 Chestnut Streets
    Suite 1250
    Philadelphia, Pa. 19106


Dated: May 1, 2007                                                      /s/Cheryl J. Sturm